IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRINITA W. ELLISON                                                                              PLAINTIFF

           v.                            Civil No. 14-2022

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Trinita Ellison, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**   **Procedural Background:**

Plaintiff protectively filed her application for SSI on November 15, 2011, alleging an onset date of November 15, 2011, due to two ruptured disks and a pinched nerve in her back. Tr. 86-93, 107, 121-122, 150. Her application was denied initially and on reconsideration. An administrative hearing was held on September 4, 2012. Tr. 19-35. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 44 years old and possessed the equivalent of a high school education and certification as a nursing assistant. Tr. 14, 26. She had past relevant work ("PRW") experience as a certified nursing assistant ("CNA") and an inspector/packer in

a sewing factory. Tr. 22, 107-108, 123-130. Plaintiff indicated that she stopped working in 1994, when she had her first child. Tr. 107.

On October 26, 2012, the ALJ found Plaintiff's chronic lower back pain, herniated nucleus pulposus, and degenerative disk disease ("DDD") of the lumbar spine to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 10-11. The ALJ concluded that the Plaintiff could perform light work involving only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. Tr. 11. With the assistance of a vocational expert, the ALJ found the Plaintiff could perform work as an assembler, cashier II, and machine tender. Tr. 15.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 17, 2013. Tr. 1-3. Subsequently, Plaintiff filed this action. ECF No. 1. This matter is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 12, 14.

## II.     **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the Plaintiff's age,

education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.   Discussion:**

The ALJ's RFC determination is of great concern to the undersigned. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

In the present case, the record makes clear that the Plaintiff suffers from chronic lower back pain and neck pain. Although she does not have insurance and does not qualify for Medicaid, the Plaintiff has sought out consistent treatment for her pain from the Good Samaritan Clinic, a clinic offering treatment to uninsured and underinsured individuals. In 2003, the Plaintiff underwent injections into her sacroiliac area due to lower back pain radiating into her legs and numbness and tingling in her legs and feet. Tr. 228-229. Between 2006 and 2011, she was prescribed Fioricet, Meloxicam (Mobic), Flexeril, and Lortab to treat her back, neck, and leg pain. Tr. 196-217, 221, 223-224, 226. Strengthening exercises were also prescribed in an attempt to strength the Plaintiff's core. An MRI conducted in May 2010, showed a herniated disc at the L5-Sl level, a disc bulge at the L4-5 level, and mild degenerative facet changes. Tr. 198, 236-237. The doctor advised her to avoid lifting and, again, prescribed strengthening

exercises. At this time, it was also recommended that the Plaintiff be referred to a neurosurgeon.

In mid-October 2011, Plaintiff reported neck, back, and left arm pain accompanied by headaches. Tr. 178. She also complained of shortness of breath and a pulling sensation in her chest. On examination, the doctor noted her inability to bend her head forward and painful range of motion. He diagnosed her with trapezius strain and prescribed Flexeril, a heating pad, and warm showers. However, continued tenderness to the left trapezius muscle was noted when the Plaintiff returned nine days later with complaints of a viral nature. Tr. 177.

On January 25, 2012, the Commissioner ordered a consultative physical examination with Dr. Carlson. Tr. 156-160. The Plaintiff reported back pain of approximately two years duration for which there was no known cause or injury. She also complained of tingling in her legs, feet, arms, and hands. An examination revealed a positive straight leg raise test on the left and difficulty squatting down. X-rays also showed mild anterior spurring from the L2 to the L5 levels. Dr. Carlson diagnosed the Plaintiff with chronic low back pain reportedly due to a herniated disk. Without further explanation, he then noted that the Plaintiff would have "mild to moderate" limitations in her ability to stand, squat, lift, and walk long distances.

On March 2, 2012, the Plaintiff returned to the Good Samaritan Clinic with continued complaints of lower back pain. Tr. 174. She was prescribed Ultram and Flexeril. These medications were again prescribed on August 2, 2012, when the Plaintiff returned with continued pain. Tr. 189.

The ALJ concluded that the Plaintiff could perform a range of light work. We note that light work requires that a claimant be capable of standing or walking for a total of six hours out of an eight-hour work day. *See* SOCIAL SECURITY RULING 83–10; *Carter v. Sullivan*, 909 F.2d

5

1201, 1202 (8th Cir.1990). The ALJ contends that the Dr. Carlson's undefined notation that the Plaintiff would have mild to moderate limitations with regard to sitting, standing, and walking supports his RFC determination, but we do not agree. Given the ruptured disks in the Plaintiff's lumbar spine and the strong pain medications and muscle relaxers prescribed to treat the resulting pain, we believe that remand is necessary to allow the ALJ to contact Dr. Carlson for clarification. *See Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (ALJ should recontact a treating or consulting physician if a critical issue is undeveloped or underdeveloped). On remand, the ALJ is further directed to obtain a complete RFC assessment from either Dr. Carlson or Plaintiff's treating physician at the Good Samaritan Clinic. A general physical exam conducted by a one time examining physician is of little or no value to the undersigned if it does not include an RFC assessment complete with an explanation of the physician's findings and a basis for the restrictions imposed.

The ALJ also asserts that his RFC determination is supported, in large part, by the Plaintiff's daily activities. He discredited her for being able to "move furniture and household items in order to perform chores;" push the broom and vacuum cleaner; move dishes, cookware, and food containers in order to clean and cook; lift food packages from grocery shelves; push and pull a shopping cart around the store and to the vehicle; and, lift and carry bags from the car to the car. However, we can find no support for these assertions in the record. The Plaintiff reported that she could care for her personal hygiene, but with restrictions imposed by her inability to bend. Tr. 34, 131-138. Further, she stated that it took her approximately 30 minutes to sweep and 2 hours to dust, due to her inability to remain on her feet for prolonged periods of time. For the same reasons, the Plaintiff indicated that she washed only "a few dishes" at a time

and prepared boxed or canned meals only three times per week. Even still, she said that her children helped, picking up her slack. Similarly, the Plaintiff stated that she shopped in stores for a "few groceries and personal items" once "every couple of weeks," and that her children also helped her with this task. She even testified that she did not lift at all, having her children perform the lifting for her. Tr. 28.

Accordingly, we find that remand is also necessary to allow the ALJ to reconsider the Plaintiff's activities of daily living. A supplemental hearing should be held, and the Plaintiff recalled and questioned thoroughly regarding her activities of daily living. This should include specific questions regarding her ability to move furniture and household items in order to perform chores; push the broom and vacuum cleaner; move dishes, cookware, and food containers in order to clean and cook; lift food packages from grocery shelves; push and pull a shopping cart around the store and to the vehicle; and, lift and carry bags from the car to the car. It cannot merely be assumed that the Plaintiff can perform these tasks without further development of the record.

### IV. Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of February, 2015.

                                         /s/ *Mark E. Ford*
                                         HONORABLE MARK E. FORD
                                         UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)